```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

BARRY K. MAUCH,                        )
                                       )
                  Plaintiff,           )
                                       )
     v.                                )    No.  08 C 1920
                                       )
ADVOCATE HEALTH AND HOSPITALS          )
CORPORATION,                           )
                                       )
                  Defendant.           )
```

                         MEMORANDUM ORDER

Advocate Health and Hospitals Corporation ("Advocate") has filed its Answer, Defenses and Affirmative Defenses ("ADs") to the First Amended Complaint ("FAC") brought against it by its employee Barry Mauch ("Mauch").  Because of the apparent desire of Advocate's counsel to take a needless belt-and-suspenders approach to that responsive pleading, this memorandum order is issued sua sponte to require counsel to clean up their act somewhat.

As the first example of that mistaken approach, Answer ¶5 follows an essential admission of all of the FAC's corresponding allegations with an invocation of the disclaimer permitted under Fed. R. Civ. P. ("Rule") 8(b)(5).  Any such disclaimer is really meaningless under the circumstances, and it is stricken.

That is even more true of Answer ¶6, in which Advocate follows its admissions as to Mauch's filing of a charge of discrimination and EEOC's issuance of a right-to-sue letter with a disclaimer regarding the remaining allegations--allegations as

to the initiation of Mauch's action within the allowable 90-day period after receipt of EEOC's letter. That is really nonsense, for the FAC was filed on May 29, 2008, just two weeks after EEOC's issuance of the letter. Again the disclaimer is stricken.

More pervasive than those two items is counsel's pattern of denying "any remaining allegations" in a set of the FAC's paragraphs as to which no such denial is appropriate, given Advocate's admissions of the allegations in the same paragraph (Answer ¶¶9, 11, 12, 14 (except for the denial of any "guise," which is permissible), 16 (as to which the nature of Advocate's admission is flawed by a qualification that has no counterpart in FAC ¶16) and 31). All of those denials are likewise stricken.

Finally, although some of Advocate's ADs are problematic under the criteria that are applicable to such defenses under Rule 8(c) and the caselaw applying that provision (and see App. ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001)), this memorandum order will not address any of those possible deficiencies. Instead this Court will leave it to Mauch's counsel to raise any questions in that respect.

                                                                    _____
                                                                    Milton I. Shadur
                                                                  Senior United States District Judge

Date: June 23, 2008